UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

THE GENERAL STORE, INC.,

    Petitioner,

v.

RICHARD VAN LOAN, Director of Industry Operations, Seattle Field Division, bureau of Alcohol, Tobacco, Firearms and Explosives,

    Respondent.

No. CV-06-103-FVS

ORDER

**THIS MATTER** came before the Court on May 18, 2006, based upon the petitioner's application for a preliminary injunction. The petitioner was represented by Mr. Richard E. Gardiner. The respondent was represented by Assistant United States Attorney Rolf H. Tangvald.

**BACKGROUND**

Richard Van Loan is employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). He is stationed in the Seattle Field Division, where he serves as the Director of Industry Operations. On or about August 6, 2004, Mr. Van Loan or one of his subordinates sent a Notice of Revocation to The General Store, Inc. ("General Store"). The latter requested an administrative hearing,

ORDER - 1

which was held on January 25, 2005.  On February 16, 2006, Mr. Van Loan issued both his "Findings and Conclusions" and a "Revocation of Firearms License."  On April 12th, General Store filed a Petition for Judicial Review.  18 U.S.C. § 923(f)(3).  On April 17th, General Store asked Mr. Van Loan to stay the order of revocation pursuant to both 18 U.S.C. § 923(f)(2) and 27 C.F.R. § 478.78.  He granted a 30-day stay subject to certain conditions.  On May 8th, General Store applied for declaratory and injunctive relief.  Initially, General Store seeks a ruling that, pursuant to 18 U.S.C. § 923(f)(2), Mr. Van Loan must stay revocation of its dealer's license pending completion of judicial review.  In the alternative, General Store seeks a preliminary injunction under Federal Rule of Civil Procedure 65 on the ground that Mr. Van Loan's decision to revoke its license poses serious questions and the balance of hardships tips sharply in its favor.

**RULING**

This matter comes before the Court on an expedited basis.  As a result, the Court has not had an adequate opportunity to evaluate General Store's contention that 27 C.F.R. § 478.78 is invalid and 18 U.S.C. § 923(f)(2) imposes upon Mr. Van Loan a duty to stay ATF's order of revocation pending completion of judicial review.  While the Court is skeptical of General Store's position, the Court declines to address it absent more thorough memoranda from the parties.  Instead, the Court turns to Federal Rule of Civil Procedure 65.  In the Ninth

ORDER - 2

Circuit, a person may obtain a preliminary injunction by "'demonstrating either a combination of probable success and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 526 F.2d 86, 88 (9th Cir.1975) (quoting *Charlie's Girls, Inc. v. Revlon, Inc.*, 483 F.2d 953, 954 (2d Cir.1973) (per curiam)). Having reviewed the materials submitted by the parties, the Court is satisfied that Mr. Van Loan's decision poses serious questions and the balance of hardships tips sharply in General Store's favor. However, the Court is concerned about public safety. Although the Court has decided to issue a preliminary injunction, the Court will not hesitate to reconsider if General Store fails to comply with applicable laws, ordinances, and regulations and its failure to do so jeopardizes public safety.

**IT IS HEREBY ORDERED:**

1. General Store's request for expedited review (**Ct. Rec. 3**) is granted.

2. General Store's motion to amend (**Ct. Rec. 5**) is granted.

3. General Store's application for a preliminary injunction (**Ct. Rec. 4**) is granted in part. ATF may not revoke General Store's federal firearms dealer's license prior to this Court's adjudication of General Store's amended Petition for Judicial Review; provided,

   (a) General Store may not engage in acquisitions or trades of

ORDER - 3

firearms;

    (b) General store may sell firearms in its inventory as of May 18, 2006;

    (c) ATF may conduct inspections every two weeks; and

    (d) General Store must comply with applicable laws, ordinances, and regulations.

    4. The parties are to formulate and file a proposed schedule that will facilitate the prompt adjudication of General Store's amended Petition for Judicial Review.

    **IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

    **DATED** this ___19th___ day of May, 2006.

                             s/Fred Van Sickle
                                   Fred Van Sickle
                           United States District Judge