UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE GENERAL STORE, INC.,<br><br>        Petitioner,<br><br>        v.<br><br>RICHARD VAN LOAN,<br><br>        Respondent. | No. CV-06-103-FVS<br><br>ORDER |

**THIS MATTER** comes before the Court based upon the petitioner's motion to alter or amend the order of January 24, 2007. The petitioner is represented by Mr. Richard E. Gardiner; the respondent by Assistant United States Attorney Rolf H. Tangvald.

**BACKGROUND**

The petitioner moves the Court, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend its order of January 24, 2007. To begin with, the petitioner urges the Court to reconsider its ruling regarding the definition of the term "willfully." In addition, the petitioner urges the Court to reconsider its determination that the petitioner received notice of the identity of the law enforcement officer to whom the petitioner was to send copies of handgun applications.

**DEFINITION OF THE TERM "WILLFULLY"**

The petitioner argues that, in a brief filed with the Supreme Court on November 13, 2006, the Solicitor General advanced a

ORDER - 1

definition of the term "willfully" that is inconsistent with the definition advanced by the respondent in this action. Even if the petitioner's characterization of the Solicitor General's brief is correct, this development is not a basis for reconsideration. The Court is bound by the law of the Ninth Circuit. *See Barapind v. Enomoto*, 400 F.3d 744, 750 n.8 (9th Cir.2005) (en banc). The issue is whether the definition set forth in *Perri v. Dep't of the Treasury*, 637 F.2d 1332, 1336 (9th Cir.1981), remains binding or whether it has been superseded by the Firearms Owners' Protection Act of 1986, Pub.L. No. 99-308, 100 Stat. 449. Having reviewed the relevant authorities, the Court is satisfied that *Perri* contains an accurate definition of the term "willfully." Since this Court is bound by *Perri*, the Court is obligated to apply the definition set forth therein.

**MAILBOX RULE**

The respondent found that, during 1998, both the State of Washington's Department of Licensing and the Bureau of Alcohol Tobacco and Firearms sent directives to firearms dealers concerning background checks for persons seeking to purchase handguns. The respondent also found that the petitioner received these directives. (Findings and Conclusions, ¶¶ 28, 29, at pp. 10-11.) Based upon the respondent's findings, the Court decided that the petitioner was on notice of the identity of the law enforcement officer to whom it was to send copies of pistol applications. (Order of January 24, 2007, at pp. 12-13.) The petitioner urges the Court to reconsider this determination. According to the petitioner, there is no evidence in the record establishing that it (petitioner) actually received the warnings that federal and state authorities mailed. Perhaps so, but the absence of such evidence is not a basis for reconsideration. The respondent

ORDER - 2

relied upon the mailbox rule. (Findings and Conclusions, ¶ 29, at pp. 10-11.) This "rule provides that the proper and timely mailing of a document raises a rebuttable presumption that the document has been received by the addressee in the usual time." *Schikore v. BankAmerica Supp. Ret. Plan*, 269 F.3d 956, 961 (9th Cir.2001). The respondent's reliance upon the mailbox rule was not unreasonable, and the Court was entitled to accept his finding on this point. *Stein's, Inc. v. Blumenthal*, 649 F.2d 463, 467 (7th Cir.1980) (although a trial court "need not accord any particular weight to the [ATF's] findings and decision[,]" the court may "accord them such weight as it believes they deserve").

**IT IS HEREBY ORDERED:**

The petitioner's motion to alter or amend (**Ct. Rec. 53**) is denied.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___26th___ day of April, 2007.

                                      s/ Fred Van Sickle
                                        Fred Van Sickle
                                  United States District Judge